IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** )
                                                  )     2:07cr387
         v.                                  )     Electronic Filing
                                                  )
**ANTHONY T. FREDERICK** )

## MEMORANDUM ORDER

AND NOW, this 4th day of February, 2020, upon due consideration of defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act and the parties' submissions in conjunction therewith, IT IS ORDERED that [444] the motion be, and the same hereby is, granted in the form of a re-imposed sentence of 176 months of incarceration and 8 years of supervised release. An amended judgment order will follow.

Defendant seeks a sentence reduction from 202 to 166 months of incarceration and from 10 to 8 years of supervised release under the First Step Act. In support of the motion he highlights the reduction in the guidelines sentencing range governing his offense conduct for non-career offenders, the current inapplicability of one of his predicate offenses that qualified him for career offender status, his post-sentencing efforts toward successful reintegration, his family ties and community roots, his current age and the substantial period of incarceration he has already served.

The government contends defendant is ineligible for relief under First Step Act. Its position is based on the relevant conduct to which defendant admitted at his change of plea hearing and a hypothetical analysis of how that conduct would be prosecuted by the current administration of the United States Attorney's Office for the Western District of Pennsylvania. From its perspective defendant would continue to be subject to the same statutory penalties if the case were brought today because the threshold amount of crack cocaine charged in the

indictment would be increased under the current version of the Controlled Substances Act as modified by the Fair Sentencing Act. In addition, defendant's designation as a career offender is beyond the reach of the First Step Act and consequently his guidelines sentencing range remains unchanged. Finally, from the government's perspective the combination of defendant's serious offense conduct, prior criminal history and the limited nature of the court's review warrant the denial of relief.

The standards by which we review First Step Act motions are set forth in United States v. Jaison Ceatrix Thompson, 1:05cr42, 2019 WL 4040403 (W.D. Pa. Aug. 27, 2019), and United States v. Warren, 1:08cr46, Doc. No. 109 (W.D. Pa. Nov. 6, 2019), and those standards are incorporated herein. Those standards and the record as developed in conjunction with the instant motion sufficiently support the determination that the court should exercise its discretion and award defendant the reduced sentence set forth above.

The government's contention that defendant is ineligible for First Step Act relief based on the attribution of drug quantity generated pursuant to the plea colloquy and the concomitant judicial factfinding under the United States Sentencing Guidelines that followed has been soundly rejected in the above-referenced opinions/rulings. And given that state of affairs we see no reason to deviate from our prior ruling that "it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act." Thompson, 2019 WL 4040403 at *2 (quoting United States v. Allen, 384 F. Supp.3d 238, 2019 WL 1877072, *3 (D. Conn., April 26, 2019) (citing United States v. Davis, 2019 WL 1054554, *3 (W.D. N.Y. Mar. 6, 2019)). The number of courts that have adopted this reading of the Act has continued to grow and this position now reflects the great weight of authority. See, e.g., United States v. Wright, 2019 WL 5569674, * 2 (M. D. Pa. Oct. 29, 2019) (Conner, C.J.) ("We join those courts to have concluded that eligibility under the First Step Act is defined by the statute of conviction, not the actual conduct supporting

2

a conviction under that statute."); United States v. Paul, 2019 WL 6792752, *4 n.7 (E.D. Va. Dec. 12, 2019) (reiterating that the court already had "joined the growing consensus that eligibility for a sentence reduction under the First Step Act depends on the offense as described in the charging document, not on an individualized analysis of the actual drug quantities attributable to the defendant.") (collecting cases); United States v. Johnson, 2019 WL 7496780, *3 (N.D. Fla. Oct. 31, 2019) (joining the numerous courts that have held "the offense charged in the indictment, and not a defendant's actual conduct, controls the question of eligibility under the First Step Act.") (collecting cases); United States v. Mansoori, 2019 WL 6700166, *5-6 (N.D. Ill. 2019) ("It is the statute of conviction—and specific drug quantities found beyond a reasonable doubt—that control eligibility under the First Step Act, not 'actual conduct.'") (citing United States v. Booker, No. 07 CR 843-7, 2019 WL 2544247, at *3 (N.D. Ill. June 20, 2019); United States v. Williams, 2019 WL 4014241, *6 (N.D. Ill. Aug. 25, 2019); and United States v. Wright, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019)); accord United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019) (Wynn, J.) ("any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act.").

Defendant is serving a sentence for a covered offense. He was charged on October 30, 2007, with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U. S. C. § 846, possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U. S. C. §§ 841(a)(1) and (b)(1)(A)(iii), and possessing a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On April 24, 2009, defendant pled guilty to the conspiracy and firearm charges. The government then filed an information pursuant to 21 U.S.C. § 851 establishing a prior predicate conviction, which doubled the mandatory

3

minimum sentence on the conspiracy charge from 10 to 20 years of incarceration and from 5 to at least 10 years of supervised release.  The penalties for this offense subsequently were lowered by the Fair Sentencing Act.  The statutory penalties for the charged conduct have been reduced: pursuant to the Fair Sentencing Act of 2010, the threshold for the penalty of 10 years to life under § 841(b)(1)(A)(iii) was raised from 50 to 280 grams of cocaine base.  In other words, today, under the Fair Sentencing Act, distributing or possessing with the intent to distribute 50 grams or more cocaine base is punishable by a sentence of not less than 5 to not more than 40 years of incarceration and at least 4 years of supervised release.  21 U.S.C. § 841(b)(1)(B)(iii).  A section 851 notice would increase the mandatory minimum term of incarceration to 10 years and the minimum term of supervised release to 8 years.

On August 17, 2009, defendant was sentenced to 240 months on the conspiracy count, the mandatory minimum sentence at the time, and 166 months on the firearms count, to run concurrently, with 10 years of supervised release.  As previously noted, the mandatory minimum sentence on the charged conduct in conspiracy count upon the filing of a section 851 notice - as modified by the Fair Sentencing Act of 2010 – has been reduced to a term of  120 months incarceration and 8 years of supervised release.  Thus, defendant was sentenced for a covered offense as defined by the First Step Act.

Moreover, none of the limitations on the exercise of this court's discretionary authority under the First Step Act are applicable.  Defendant's sentence has not been reduced in accordance with the amendments of the Fair Sentencing Act.  His motions for a reduced sentence based on the lowering of the guidelines ranges for crack cocaine offenses were withdrawn due to his guidelines sentencing range being controlled by his career offender status.  See Doc. No.s 287, 313 -316; accord United States v. Martin, 867 F.3d 428, 431-33 (3d Cir. 2017) (Defendants whose guidelines sentencing range were set by a career offender designation are outside the

scope of relief provided by the Fair Sentencing Act of 2010 and the retroactive application of the downwardly adjusted guidelines ranges for crack cocaine offenses promulgated pursuant to that Act, even if the non-career offender range was referenced in a negotiated plea agreement.).[1] Furthermore, defendant has not previously filed a motion under the First Step Act. Consequently, this court retains the discretion to award relief under the First Step Act.

It also is clear that a defendant's eligibility is determined solely by qualifying under the First Step Act's definition of a covered offense and is not conditioned on a corresponding decrease in the applicable guidelines sentencing range. See Thompson, 2019 WL 4040403 *11 n.6 (citing United States v. Garrett, 2019 WL 2603531, *3 (S.D. Ind. June 25, 2019) (rejecting the government's contention that relief should be denied where application of the career offender guidelines continued to produce the same sentencing range of 360 months to life and opining that "[t]he fact that Mr. Garrett's guideline range remains unchanged does not foreclose a reduction of his sentence, at least not where he was sentenced to the mandatory minimum and the mandatory minimum sentence was thereafter reduced by section 2 of the Fair Sentencing Act.") (citing United States v. Bean, No. 1:09-cr-143, 2019 WL 2537435, at *5–6 (W.D. Mich. June 20, 2019)); accord United States v. Biggs, 2019 WL 2120226, *3-4, 7 (N.D. Ill. May 15, 2019) (same); United States v. Hadley, 389 F. Supp.3d 1043, 1048 (M.D. Fla. 2019) (granting First Step Act motion notwithstanding unchanged career offender guidelines sentencing range of 360 months to life); United State v. Payton, 2019 WL 2775530, *4-5 (E.D. Mich. July 2, 2019) (granting First Step Act relief where career offender guidelines sentencing range remained unchanged); United States v. Clemon, 2019 WL 6894130, *1 (D. S.C. Dec. 18, 2019) (granting relief where pre- and post-First Step Act guidelines sentencing range remained unchanged); cf.

---

[1] Defendant's term of incarceration subsequently was reduced to 202 months. This reduction was not the result of the Fair Sentencing Act.

United States v. Brandon, 2019 WL 4139400, \*3-4 (E.D. Mich. Aug. 30, 2019) (granting First Step Act relief notwithstanding presidential commutation of sentence that reduced it below the guidelines sentencing range applicable at First Step Act re-sentencing) (collecting cases). Thus, even assuming we are unable to re-examine defendant's career offender designation and he remains subject to the same career offender guidelines sentencing range, these sentencing factors are not legal barriers to awarding First Step Act relief.

We previously have rejected the government's argument that we should follow the sentencing rationale utilized at defendant's original sentencing hearing and simply arrive at the same sentence. See United States v. Warren, 1:08cr46, Doc. No. 109 (W.D. Pa. Nov. 6, 2019). That rationale was advanced under a set of existing precepts that were displaced by the First Step Act and replaced by the standards embodied therein. The standards now governing the task at hand were intended to give the defendant a "do-over" of sorts and we fail to see any sound justification for shirking the responsibility of performing that task under the guise of prior judicial musings rendered under meaningfully different circumstances.

Of course, our unwillingness to follow the government's lead does not mean that the salient aspects of defendant's character and criminal history it has highlighted likewise should be discounted. To the contrary, those factors continue to inform the sound exercise of discretion in formulating an appropriate sentence. But it is the discretion that has been afforded by the First Step Act that must be exercised in accordance with the prevailing standards of today notwithstanding the government's perception that yesterday's views were better.

We likewise have declined to limit our review of the information to be considered in conjunction with a section 404 First Step Act motion to 1) the information available at the time of the original sentencing and/or 2) only changes in the applicable guidelines. See Thompson, 2019 WL 4040403, \*8-11 (declining to adopt the scope of review under 18 U.S.C. § 3582(c)(2)

6

on the ground that "the First Step Act contains its own independent grant of discretionary authority to the district courts by permitting a 'court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.' This grant 'authorizes a reduction in sentence by its own terms' and does not depend on any complimentary authority in § 3582.") (quoting Dodd, 372 F. Supp.3d at 797 n.2 and Boulding, 379 F. Supp.3d at 653); Warren, 1:08cr46, Doc. No. 109 (W.D. Pa. Nov. 6, 2019) (declining to limit the scope of review to the record as it existed at the original sentencing hearing and/or to follow in lockstep with the original sentencing rationale). Instead, we have determined that "a court deciding whether to impose a reduced sentence under section 404 should evaluate all such information pursuant to the 'lodestone' of sentencing factors set forth in 18 U.S.C. § 3553(a), any changes to the applicable guideline range, post-sentencing conduct bearing on rehabilitation and so forth." Thompson, 2019 WL 4040403, *10 (collecting cases).

This approach "permits the court to engage in its traditional role of factfinding in relation to the imposition of a sentence within the prescribed limits." Id. "It also permits the consideration of the brute facts and information that traditionally have a bearing on the sound exercise of the court's sentencing discretion." Id.

We turn to that undertaking in this case. Defendant was classified as a career offender. His offense conduct involved possession with the intent to distribute at least 500 grams but fewer than 1.5 kilograms of crack cocaine coupled with possession of a firearm. A number of controlled purchases were made directly from him.

Defendant's prior criminal history reflected four convictions. He has a September 2000 conviction for recklessly endangering another and an October 2000 conviction for resisting arrest. The first incident involved defendant operating a vehicle in a reckless manner in a

7

housing complex. The second involved police pursuit of a vehicle followed by defendant's refusal to stop. Defendant exited the vehicle and began to make his way to his residence. When a police officer tried to stop him, defendant punched the officer, went into the house and then came out and jumped on an officer's back. Defendant received probation for each of these crimes.

Defendant also has a prior conviction for possession of a controlled substance stemming from an incident in March of 2001. He received a sentence of probation on this offense as well.

In June of 2003 each of the above sentences of probation were revoked. Defendant was sentenced to 6 to 24 months, less one day in jail, at all three convictions. These sentences were made to run concurrent and defendant was paroled at each on October 2, 2003.

In January of 2004 defendant pled guilty to possession with the intent to deliver controlled substances based on a January 2001 arrest. He received an 11 and1/2 to 23 month sentence for this state drug trafficking offense. He was paroled in June of 2004 and was granted early termination of supervision in May of 2006.

Defendant's career offender status produced a guidelines sentence range of 262 to 327 months. At sentencing this member of the court commented that defendant had almost continuous contact with the criminal justice system since the age of nineteen and that the prior terms of incarceration had not had the desired effect. The court nevertheless varied to the mandatory minimum sentence - 240 months.

Notwithstanding defendant's prior interaction with the criminal justice system between the ages of 24 and 26, he had only served two relatively short sentences of incarceration prior to being sentenced on the instant offense. He served about 14 weeks following the revocation of his sentences of probation. And he served a little over 6 months on the sentence for drug trafficking.

The lack of any incrementally proportionate increase in incarceration between the state sentences of 14 weeks and 6 months and the 20 year minimum sentence mandated on the instant federal offense was an important factor that informed this court's decision to vary downward from 262 to the floor of 240 months. And this significant lack of a proportional increase in punishment between the prior state court punishments and the congressionally mandated sentence this court was required to impose continues to be an important factor that the court has taken into account in granting the discretionary relief afforded by the First Step Act.

The fact that defendant would not be classified as a career offender if his sentence were to be reconsidered on a blank slate today also must be acknowledged. A major purpose of the First Step Act was to permit the court to impose a revised sentence that reflects the congressional judgment that the current sentencing norms and standards more adequately reflect the seriousness of crack cocaine offenses. See United States v. Mitchell, 2019 WL 2647571, *8 (D. D.C., June 27, 2019) (the fact that defendant would not qualify as a career offender if sentenced today appropriately is considered in exercising the court's discretionary authority under the First Step Act) (quoting United States v. Biggs, 2019 WL 2120226, *4 (N.D. Ill., May 15, 2019) ("Because the Fair Sentencing Act and the First Step Act reflect Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses, reduction of Biggs's sentence aligns the statutory purposes of sentencing with the goal of the reform legislation."). Although defendant may not be entitled to a full resentencing at this juncture and we operate with the understanding that his prior designation as a career offender remains unchanged, the fact that he would not qualify as a career offender under the current version of the career offender provisions properly is in line with the remedial purpose of the First Step Act

9

and properly viewed as a factor favoring the exercise of the discretionary relief that may be awarded.[2]

Several other aspects of the record inform the exercise of our discretionary authority and support the imposition of a reduced sentence here.  Defendant has sought to prepare himself for a successful reintegration into society.  He sought to address the behavior that plagued him as a younger adult by successfully completing the Bureau of Prison's 500 Hour Residential Drug Abuse Program.  He also has taken numerous vocational and educational courses geared toward self-improvement and success after release.  These include courses in health, problem-solving, stress control, grammar, time management, computers, decision-making, communication, listening skills, writing, business, and the internet among others.  He has worked in the kitchen for many years.  And his institutional behavior has earned him at least 594 days of good time credit, which suggests he has been free from major disciplinary incidents over the past several years and has not been a management concern for the Bureau.

Finally, defendant was young at the time he committed the predicate offenses.  He received only two modest sentences of incarceration on those offenses.  He was in his early thirties at the time he committed the instant offense.  He has served over 12 years.  He is now 43 years of age and has reached an age where the statistics on the recidivism show that his likelihood of re-offending has meaningfully declined.[3]  He has maintained meaningful family

---

[2] Defendant's designation as a career offender was based on his prior conviction for resisting arrest.  See PSIR at ¶ 46, 51.  Consistent with the controlling Supreme Court precedent, the definition of a "crime of violence" has been amended in a manner that no longer captures Pennsylvania's definition of resisting arrest.  See U.S.S.G. § 4B1.2.  Today, a rough correlation of defendant's non-career offender sentencing guidelines calculations would result in an adjusted base offense level of 29 (32 – 3) under U.S.S.G. § 2D1.1 and a criminal history category of VI, resulting in a sentencing range of 151 to 188 months.

[3] See National Institute of Justice, Five Things About Deterrence (May 2016), at 2, available at https://www.ncjrs.gov/pdffiles1/nij/247350.pdf  ("Even those individuals who commit crimes at the highest rates begin to change their criminal behavior as they age.  The data show a steep decline at about age 35.").

10

support and community ties.  His current age, post-sentencing conduct while incarcerated and family support bode well for his successful reintegration.  Collectively, these factors further support the determination that a re-imposed sentence of 176 months is a sufficient term of incarceration.

Consideration of all of the above through the lens of the § 3553(a) factors convinces us that the proper exercise of discretion is a reduction to a term of 176 months of incarceration and 8 years of supervised release.  A reduction of this degree strikes the proper balance in applying the § 3553(a) factors and imposes a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing.  Accordingly, defendant's motion pursuant to Section 404 of the First Step Act has been granted and a Judgment Order of Conviction and Sentence imposing this new sentence will be issued.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Adam N. Hallowell, AUSA
       Khashayar Attaran, AFPD

       (*Via CM/ECF Electronic Mail*)